# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|                                      |   |                       |
|--------------------------------------|---|-----------------------|
| FRED L. ARCHIBALD,                   | : |                       |
|                                      | : |                       |
| Plaintiff,                           | : |                       |
|                                      | : |                       |
| v.                                   | : | No. 3:09cv1558 (MRK)  |
|                                      | : |                       |
| CITY OF HARTFORD; DARYL K.           | : |                       |
| ROBERTS; GEORGE WATSON;              | : |                       |
| JOSEPH FARGNOLI; KEN LABBE;          | : |                       |
| KAREN SPEARMAN; JOHN DOE 2;          | : |                       |
| JOHN DOE 3,                          | : |                       |
|                                      | : |                       |
| Defendants.                          | : |                       |

## MEMORANDUM OF DECISION

Plaintiff Fred L. Archibald brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging that officers in the City of Hartford's police department violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution when they arrested Mr. Archibald for ticket scalping in October 2007. Pending before the Court is a Motion to Dismiss [doc. # 50] Mr. Archibald's Amended Complaint filed by two Defendants, Officers Ken Labbe and Karen Spearman. The pending motion seeks the dismissal of all counts against Officers Labbe and Spearman, who were not named in the original Complaint, but rather referred to as "John Doe 1" and "Jane Doe 1." The Amended Complaint [doc. # 47], which named Officers Labbe and Spearman as two of the four previously unidentified Defendants, was filed approximately two months after the expiration of the three-year limitations period for § 1983 claims. For the reasons that follow, Officers Labbe's and Spearman's Motion to Dismiss is DENIED.

# I.

The parties do not dispute that "it is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 468 (2d Cir. 1995) (quoting *Aslanidis v. United States Lines, Inc.*, 7 F.3d 106, 1075 (2d Cir. 1993)) (quotation marks omitted). The Second Circuit has held that a complaint may only be amended to replace a John Doe with a named Defendant "when all the specifications of Fed. R. Civ. P. 15(c) are met." *Id.* Those requirements are:

(1) "[T]he amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading," Fed. R. Civ. P. 15(c)(1)(B);

(2) "[T]he party to be brought in by the amendment . . . received such notice that it will not be prejudiced in maintaining its defense," Fed. R. Civ. P. 15(c)(1)(C)(i);

(3) "[T]he party to be brought in by the amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity," Fed. R. Civ. P. 15(c)(1)(C)(ii); and

(4) Requirements (2) and (3) were fulfilled within the period provided by Rule 4(m) for serving the summons and complaint – that is, within 120 days after the complaint was filed.

*See* Fed. R. Civ. P. 15(c)(1) and 4(m).

With regard to the third requirement, the Second Circuit has instructed that when "defendants . . . are not named originally because the plaintiff lacks knowledge of their identity," the failure to name those defendants is not "because of a 'mistake' concerning their identity." *Barrow*, 66 F.3d at 469. The issue in this case is whether there is an exception to that Second Circuit principle when the originally named defendants unreasonably delay in producing relevant information that the plaintiff could use to identify the "Doe" parties. This Court has previously

declined to decide whether such an exception exists. *See Schwartz v. Town of Plainville*, 483 F. Supp. 2d 192, 195 n.1 (D. Conn. 2007). The Court now reaches the issue it left unresolved in *Schwartz*. On the particular facts of this case, the Court concludes that the original Defendants did unreasonably delay in identifying Officers Labbe and Spearman, and therefore, the Court will not dismiss the counts against those two officers.

## II.

The Court will recite the procedural history in some detail, as it is particularly relevant to understanding the state of discovery in the case, including Mr. Archibald's repeated attempts to discover the actual names of Officers Labbe and Spearman and defense counsel's failure to adequately respond to Mr. Archibald's interrogatories and requests for production.

On October 1, 2009, Mr. Archibald filed his original Complaint [doc. # 1]. That Complaint named several defendants: the City of Hartford; Daryl Roberts (Police Chief); George Watson (Police Detective); Joseph Fargnoli (Police Detective); John Doe 1 (Police Officer); Jane Doe 1 (Police Officer); John Doe 2 (Police Officer); and John Doe 3 (Police Officer). The Complaint stated that "[u]pon information and belief, the Defendant Unnamed Officers [the John and Jane Does] are and were at all times relevant hereto members of the Hartford Police Department" and "were at all times relevant hereto acting under color of law during the course and within the scope of their employment with the City of Hartford and/or the Hartford Police Department." Compl. [doc. # 1] ¶ 6. The Complaint contained multiple counts.

Mr. Archibald's claims are based on events that transpired on October 2 and October 3, 2007, when Mr. Archibald was arrested for ticket scalping. Mr. Archibald alleges that Defendants ignored his medical needs and failed to provide him with prompt and adequate medical care. According to the original Complaint, Mr. Archibald was arrested after a chase, and

was tackled to the ground by police officers, leading him to break his leg. *Id.* ¶ 12. With regard to the unnamed Defendants, Mr. Archibald alleged that John Doe 1 handcuffed him to a hospital bed, and told hospital staff that Mr. Archibald was faking his injuries, resulting in Mr. Archibald being administered no pain medication. *Id.* ¶ 18-19. Mr. Archibald alleged that Jane Doe 1 disregarded a doctor's statement that Mr. Archibald should not be moved, and prevented Mr. Archibald from having immediate surgery on his leg, demanding that he be taken into the police station for processing. *Id.* ¶ 20. Mr. Archibald alleged that John Doe 2 took him back to the hospital for a second visit, handcuffed Mr. Archibald to the bed, and ignored Mr. Archibald's pleas for him to summon doctors to provide pain medication. *Id.* ¶ 25. John Doe 3 was allegedly present after Mr. Archibald got out of surgery, and, after taking a phone call, told Mr. Archibald that he was "good to go" and that his case was dismissed. *Id.* ¶ 28.

After being granted an extension of time by the Court, Detectives Watson and Fargnoli filed their Answer on January 29, 2010 through their counsel, Attorney Robert A. Ricketts, the same counsel who represents Officers Labbe and Spearman. The City of Hartford and Chief Roberts filed a separate Answer on that same date through their counsel, Attorney Nathalie Feola-Guerrieri. On February 5, 2010, each of those two sets of Defendants filed an Amended Answer.

Defendants Watson and Fargnoli served their initial disclosures on March 11, 2010. Those disclosures included a list of "INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT MAY BE USED TO SUPPORT DEFENDANT'S CLAIMS." George Watson's and Joseph Fargnoli's Rule 26(a)(1) Initial Disclosures, Ex. B to Mot. to Amend [doc. # 39-5] at 1. That list named six individuals, but did not name Officers Labbe and Spearman. *See id.* at 2. On March 12, 2010, the City of Hartford and Chief Roberts served their Initial

Disclosures, including a list of individuals likely to have discoverable information supporting the City of Hartford's and Chief Roberts' claims or defenses. *See* City of Hartford's and Daryl K. Roberts' Compliance with Rule 26(A) Disclosures, Ex. C to Mot. to Amend [doc. # 39-6]. Neither the City of Hartford nor Chief Roberts disclosed the identities of Officers Labbe and Spearman. *See id.*

On March 30, 2010, Mr. Archibald served his first set of interrogatories on the named Defendants. Interrogatory No. 4 asked Defendants to "[s]tate the names, titles, badge numbers, and contact information for all Hartford Police personnel who came into contact with the Plaintiff . . . between October 2, 2007 and October 7, 2007." *See* Pl.'s First Set of Interrogatories, Ex. D to Mot. to Amend [doc. # 39-7] at 9. Mr. Archibald also submitted his first requests for production on March 30, 2010. *See* Ex. G to Mot. to Amend [doc. # 39-10]; Ex. I to Mot. to Amend [doc. # 39-12]. Each set of requests included a request that sought "[a]ll notes, records, rosters, logbooks, time sheets, payroll records, memos, correspondence and other documents identifying Hartford Police Officers who came into contact with [Mr. Archibald] on October 2, 2007 and/or October 3, 2007, at locations including, but not limited to, Hartford Hospital, Hartford Civic Center and its surrounding areas, and any and all precincts and courthouses the Plaintiff was transferred to." Request No. 16 to City of Hartford and Daryl K. Roberts, Ex. G to Mot. to Amend [doc. # 39-10] at 11; Request No. 14 to Joseph Fargnoli and George Watson, Ex. I to Mot. to Amend [doc. # 39-12] at 11.

On April 27, 2010, the four named Defendants filed a Motion for Extension of Time [doc. # 24] to May 31, 2010 to respond to discovery requests. Mr. Archibald filed an Objection [doc. # 27] to that motion on May 5, 2010. Following a telephonic conference with the parties, the Court granted Defendants' Motion for Extension of Time on May 18, 2010.

The City of Hartford and Chief Roberts responded to Mr. Archibald's first set of interrogatories on May 30, 2010. The City's response to Interrogatory No. 14 did not specifically name *any* officers, but rather referred Mr. Archibald to documents produced or referenced "in response to Interrogatory No. 1-4," including police reports concerning HPD Case No. 07-40801, Use of Force Form No. 07-620, HPD Evidence Room Property Logs, Inventory of Property Seized Forms, Heart Dispatch Record, certain Court Orders, and records from Mr. Archibald's criminal case. *See* City of Hartford's Responses to Pl.'s First Set of Interrogatories, Ex. E to Mot. to Amend [doc. # 39-8] at 7, 2-3. The response also referred Mr. Archibald to a CD audio disk of the Hartford Police Department dispatch produced in response to one of Mr. Archibald's requests for production. *See id.* at 7. One of the documents attached in response to Interrogatory No. 4 appears to be an Inventory of Property Seized Form, *see* Ex. F to Mot. to Amend [doc. # 39-9] at 14, and the "Sub[mitting] Off Name" is listed as "SPEARMAN KA." The date of seizure is listed as "10/2/2007 12:00:00A." *Id.*

The documents produced by Defendants included several dispatch reports. Two of those reports identified Officers Labbe and Spearman as having been dispatched. *See* Ex. F to Pl.'s Obj. to Mot. to Dismiss [doc. # 63-7] at 17 (identifying "ENROUTE, Off(s)" as "LABBE, KEN"); *id.* at 19 (identifying "ENROUTE, Off(s)" as "SPEARMAN, KAREN"). But as defense counsel admitted at oral argument, the fact that those officers were dispatched does not necessarily mean that they interacted with Mr. Archibald. Even Defendants' counsel could not tell from the dispatch reports whether Officers Labbe and Spearman had engaged with Mr. Archibald. Plaintiff's counsel has affirmed that he "pushed for the deposition of a witness who could decipher the documents produced," but that Defendants did not produce such a witness for several months. Savva Aff. in Supp. of Mot. to Amend [doc. # 39-2] ¶ 20.

The City of Hartford and Chief Roberts also responded to Mr. Archibald's first set of requests for production on May 30, 2010. They did not provide an answer to Request No. 16 regarding officers who came into contact with Mr. Archibald, but rather objected that the request was "overly broad, unduly burdensome, [and] not reasonably calculated to lead to the discovery of admissible evidence." City of Hartford's and Daryl Roberts' Responses, Ex. H to Mot. to Amend [doc. # 39-11] at 8. However, they stated "without waiver of [that] objection" that Mr. Archibald should refer to the documents produced in response to his interrogatories, and to documents that Mr. Archibald himself had produced. In fact, the City of Hartford and Chief Roberts objected to 24 out of the 26 interrogatories.

Defendants Watson and Fargnoli, too, responded to Mr. Archibald's first set of requests for production on May 30, 2010. They objected to the request for records identifying officers who came into contact with Mr. Archibald on the same grounds that the other two named Defendants objected, and referred Mr. Archibald to their other "objections and responses, as well as documents described, produced, or referred to, in response to Plaintiff's Interrogatories," and to the "documents produced to date" by Mr. Archibald himself and the other two named Defendants. *See* Ex. J to Mot. to Amend [doc. # 39-13] at 6.

On July 26, 2010, Mr. Archibald served a second set of interrogatories and a second set of requests for production on the City of Hartford and Chief Roberts. The interrogatories included a second request for the identities of officers who came into contact with Mr. Archibald between October 2 and October 7, 2007, as well as a request that the Defendants identify the "police officers and/or police department employees assigned to . . . Units Four (4), Eight (8), Ten (10), Twenty-five (25), and Four-hundred eighty-three (483) on October 2 and October 3, 2007." Ex. K to Mot. to Amend [doc. # 39-14] at 9. The requests for production included a

request that the Defendants "produce copies of any documents relating or referring to the Hartford Police Department employees in Units Four (4), Eight (8), Ten (10), Twenty-five (25), and Four-hundred eighty-three (483) that transported Plaintiff from: (a) the scene of the incident to Hartford Hospital; (b) Hartford Hospital to the precinct; (c) the precinct to the courthouse; and (d) the courthouse to the hospital." Ex. L to Mot. to Amend [doc. # 39-15] at 14.

The City of Hartford and Chief Roberts refused to respond to those interrogatories or requests for production, claiming that they could not be served in the absence of a Court Order. On September 14, 2010, "the City of Hartford finally produced Detective Ursula Weibusch" for a deposition. Savva Aff. in Supp. of Mot. to Amend [doc. # 39-2] ¶ 20. Detective Weibusch apparently supervised the gathering of the documents produced by Defendants but had no personal knowledge of Mr. Archibald's case. *See id.* She did, however, identify Officer Spearman, Officer Labbe, and Officer Quang Tran as officers who *may* have been involved, though she was not certain of that. *See id.* ¶ 20; Savva Aff. in Opp'n to Mot. to Dismiss [doc. # 63] ¶ 20. Two days later, on September 16, 2010, Mr. Archibald served notices of deposition on Officers Labbe, Spearman, and Tran. *See* Savva Aff. in Opp'n to Mot. to Dismiss [doc. # 63] ¶ 21. The three-year limitations period ended on October 2, 2011. On October 25 and October 26, 2010 – approximately three weeks after the expiration of the limitations period – Defendants produced those witnesses for depositions, and Mr. Archibald finally learned of their roles. *Id.* ¶ 23; Savva Aff. in Supp. of Mot. to Amend [doc. # 39-2] ¶ 22.

On October 28, 2010, Detectives Fargnoli and Watson filed a Motion for Extension of Time [doc. # 36] to respond to all discovery. On November 1, 2010, the Court held a telephonic case management conference with the parties to discuss that motion. During that conference, Mr. Archibald's counsel raised the issue of amending the Complaint, and Defendants' counsel

confirmed that Defendants would not consent to such amendment. On November 8, 2010, the Court issued a Modified Scheduling Order [doc. # 38] setting a final discovery deadline of April 30, 2011.

On November 16, 2010, Mr. Archibald filed a Motion to Amend/Correct Complaint [doc. # 39], seeking to amend his Complaint to identify Officer Ken Labbe as John Doe 1 and Officer Karen Spearman as Jane Doe 1. He also sought leave to amend the Complaint to more specifically identify the activities of a non-Defendant police officer (Quang Tran) and "to correct the pleadings." Mem. in Supp. of Mot. to Amend [doc. # 39-1] at 1. Mr. Archibald argued that he had good cause for seeking leave to amend because he undertook diligent efforts to discover the identities of John Doe 1 and Jane Doe 1 in a timely manner. In addition, Mr. Archibald sought reasonable attorney's fees in connection with "Defendants['] discovery practices which have directly contributed to the delay in fully identifying both fact witnesses as well as party Defendants." *Id.* at 6. Mr. Archibald claimed that the delay would have been avoided if Defendants had served timely and complete initial disclosures pursuant to Rule 26(a) and proper responses to Mr. Archibald's interrogatories and document requests. *See id.* at 2.

On November 24, 2010, the four named Defendants filed a Motion for Extension of Time [doc. # 40] to respond to Mr. Archibald's Motion to Amend. On December 3, 2010, Mr. Archibald filed an Objection [doc. # 43] to the Defendants' Motion for Extension of Time. On December 6, 2010, the Court held an on-the-record telephonic conference with the parties, and issued an Order [doc. # 45] granting Mr. Archibald's Motion to Amend, and an Order [doc. # 46] granting Defendants an extension of time to January 7, 2011 to respond to the Amended Complaint. On December 7, 2010, Mr. Archibald filed his Amended Complaint [doc. # 47], naming Officers Labbe and Spearman as Defendants, and removing John Doe 1 and Jane Doe 1.

At approximately thirty minutes after midnight on January 8, 2011, Officers Labbe and Spearman filed a Motion to Dismiss [doc. # 50] the Amended Complaint.[1] In support of their Motion to Dismiss, Officers Labbe and Spearman argue that the naming of "John Doe" defendants in the original Complaint was improper, *see* Mem. in Supp. of Mot. to Dismiss [doc. # 50-1] at 5; that Mr. Archibald identified Officers Labbe and Spearman outside the statute of limitations, *see id.* at 3; that Mr. Archibald failed to serve the John Doe Defendants within the 120 day limit set forth in Rule 4 of the *Federal Rules of Civil Procedure*, *see id.* at 7; and that Mr. Archibald failed to implead Officers Labbe and Spearman by the deadline set in the case management plan. *See id.* Mr. Archibald filed a Memorandum in Opposition [doc. # 62] to the Motion to Dismiss on March 3, 2011, and the Court heard oral argument on April 28, 2011.

### III.

The Second Circuit has stated that Rule 15 of the *Federal Rules of Civil Procedure* "is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification." *Barrow*, 66 F.3d at 469. In *Barrow*, the Second Circuit held that "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." *Id.* at 470. The Second Circuit has applied that holding in later cases. *See Johnson v. Constantellis*, 221 F. App'x 48, 50 (2d Cir. 2007) (summary order); *Johnson v. Stinson*, 28 F. App'x 71, 72 (2d Cir. 2002) (summary order); *Malesko v. Correctional Servs. Corp.*, 229 F.3d 374, 383 (2d Cir. 2000), *rev'd on other grounds*, 534 U.S. 61 (2001); *Bove v. New York City*, No. 99-9181, 2000 U.S. App. LEXIS

---

[1] Mr. Archibald has argued that the Court should not even consider the Motion to Dismiss because it was not filed by January 7, 2011, the deadline set by the Court. However, given the fact that a major snowstorm struck the state on January 7, 2011, the Court will not find that the Defendants waived their right to file a motion to dismiss on the basis that their motion was filed a few minutes too late.

11895, at *3 (2d Cir. May 24, 2000) (summary order); *Tapia-Ortiz v. Doe*, 171 F.3d 150, 151-52 (2d Cir. 1999); *see also Schwartz*, 483 F. Supp. 2d at 194-95 (listing cases that have applied the Second Circuit's holding in *Barrow*).

Thus, it would seem that Mr. Archibald's amendment of the Complaint to name Officers Labbe and Spearman as Defendants cannot relate back to the original Complaint. However, beginning with the United States District Court for the Southern District of New York in *Byrd v. Abate*, 964 F. Supp. 140 (S.D.N.Y. 1997), some district courts in the Second Circuit have recognized an exception to the Second Circuit's seemingly categorical rule for cases in which a plaintiff attempted to discover the identity of the unknown defendant prior to the expiration of the statute of limitations but did not receive an adequate response to his discovery requests. *See Maccharulo v. Gould*, 643 F. Supp. 2d 587, 596-597 (S.D.N.Y. 2009), *Selinger v. City of N.Y.*, No. 08cv2096 (RMB), 2009 U.S. Dist. LEXIS 55207, at *14 (S.D.N.Y. June 30, 2009); *Jennings v. DOJ Serv.*, No. 9:02-CV-1405 (LEK/RFT), 2008 U.S. Dist. LEXIS 61763, at *13-*17 (N.D.N.Y Mar. 26, 2008); *Byrd*, 964 F. Supp. at 145; *see also Peralta v. Donnelly*, No. 04-CV-6559 (CJS), 2009 U.S. Dist. LEXIS 60601, at *10 (W.D.N.Y. July 16, 2009) (noting with approval the approach taken in *Byrd*, but relying instead on New York's relation back standard); *Howard v. City of New York*, No. 02cv1731 (KMK), 2006 U.S. Dist. LEXIS 63426, at *16 (S.D.N.Y. Sept. 6, 2006) (recognizing the *Byrd* exception but finding it only "partially appli[cable]" to the plaintiff's case); *Covington v. Warden of C-95 Det. Ctr.*, No. 93cv1958 (FB), 2004 U.S. Dist. LEXIS 15104, at *9 (E.D.N.Y. Jan. 21, 2004) (stating that "it is permissible for a plaintiff who is unaware of the names of putative defendants to name them as John Doe defendants" but that the plaintiff "must thereafter be diligent in ascertaining their names within the applicable limitation period" (citing *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 n.6

(3d Cir. 2003)). The exception recognizes that defendants should not gain the benefit of a statute of limitations defense if "[i]t was the defense, rather than the plaintiff, who failed to identify [the John Does] and [p]laintiff's counsel 'requested that information prior to the end of the limitations period, but [defendants'] [c]ounsel did not comply until after the limitations period had run.'" *Selinger*, 2009 U.S. Dist. LEXIS 55207, at *14 (quoting *Byrd*, 964 F. Supp. at 145-46).

In *Krupski v. Costa Crociere S.P.A.*, --- U.S. ---, 130 S. Ct. 2485 (2010), the Supreme Court arguably confirmed that the reference to "mistake" in Rule 15(c)(1)(C) does not necessarily bar relation back for a plaintiff who failed to properly name a defendant because he lacked knowledge of that defendant's name. Elaborating on the "mistake" requirement, the Supreme Court explained:

> In this case, the Court of Appeals held that Rule 15(c) was not satisfied because the plaintiff knew or should have known of the proper defendant before filing her original complaint. The court also held that relation back was not appropriate because the plaintiff had unduly delayed in seeking to amend. We hold that relation back under Rule 15(c)(1)(C) depends on what *the party to be added* knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading.

*Id.* at 2489-90 (emphasis added). Since *Krupski* did not involve a plaintiff who sued a "John Doe" at the outset of the litigation because he did not know the name of the proper defendant, it is factually distinguishable from *Barrow. Compare id.* at 2490-91; *with Barrow*, 66 F.3d at 468. Nonetheless, as one district court in this circuit recently observed, "the Supreme Court's decision in *Krupski* . . . has engendered a split in the district courts as to whether *Barrow* remains good law." *Askins v. City of New York*, No. 09cv10315 (NRB), 2011 U.S. Dist. LEXIS 40435, at *4 n.3 (S.D.N.Y. Mar. 25, 2011).

For example, in *Bishop v. Best Buy, Co.*, No. 08cv8427 (LBS), 2010 U.S. Dist. LEXIS 110631 (S.D.N.Y. Oct. 13, 2010), the plaintiff had named "various 'John Doe' . . . Defendants in

the original complaint, and had amended the complaint to identify the individual Best Buy Defendants after the statute of limitations had run on most of [the] claims against them." *Id.* at *11. The district court concluded: "*Krupski* . . . disposes of the individual Best Buy Defendants' contention that Plaintiff's amendment naming them as Defendants does not relate back to the filing date of the original complaint." *Id.* The court explained that under *Krupski*, the key issue was what newly named defendants "knew or should have known." *Id.* at *12. Certainly, the language in *Krupski* suggests that in determining whether relation back under Rule 15 is appropriate, a court should focus on whether the newly identified defendants had notice that the plaintiff intended to sue them, rather than on whether a plaintiff's lack of knowledge of those defendants' identities was a "mistake." *See Jamison v. City of York*, No. 1:09-cv-1289, 2010 U.S. Dist. LEXIS, at *14-*15 (M.D. Penn. Sept. 30, 2010) ("While Plaintiff did not choose to sue a *different* defendant based on a misimpression, as was the case in *Krupski*, the Court cannot say . . . that Plaintiff's [use of 'John Doe I' rather than the defendant's proper name] was the result of a fully informed decision as opposed to a mistake." (emphasis in original)); *McDaniel v. Maryland*, No. RDB-10-00189, 2010 U.S. Dist. LEXIS 84784, at *16-*17 (D. Md. Aug. 18, 2010) (allowing relation back after noting that "Defendants have had the means and ability to identify the John Doe officer, especially since his role is described in the Complaint and he is allegedly depicted in an audiovisual recording of the events" (citing *Krupski*, 130 S. Ct. at 2493)); *Scadden v. Northwest Iowa Hosp. Corp.*, No. C06-4070-PAZ, 2010 U.S. Dist. LEXIS 63208, *8-*9 (N.D. Iowa June 25, 2010) (citing *Krupski* in support of the conclusion that "the 'relation back' provisions of Rule 15(c) appl[ied] to the plaintiffs' claims against Dr. McGowan," whom plaintiffs sought to substitute for "Dr. John Doe 1 and Dr. John Doe 3"); *see also Smetzer v. Newton*, No. 1:10-CV-93-JVB, 2010 U.S. Dist. LEXIS 83091, at *26-*27 (N.D. Ind. Aug. 13,

2010) (recognizing that *Krupski* "refocuses the question away from 'whether [the plaintiff] knew or should have known the identity of [the newly named defendant] as the proper defendant,'" and thus declining to dismiss the Doe defendants because "the parties [had made] no effort to discuss *Krupski*" (citation omitted) (alterations in original)). *But see, e.g.*, *Daniel v. City of Matteson*, No. 09cv3171, 2011 U.S. Dist. LEXIS, at *10-*11 (N.D. Ill. Jan. 18, 2011) (noting that "mistake" is defined in *Krupski* as "[a]n error, misconception, or misunderstanding; an erroneous belief" (quoting 130 S. Ct. at 2494) (quotation marks omitted), and concluding that even after *Krupski*, "[l]ack of knowledge as to the proper defendant is not a mistake"); *Dominguez v. City of New York*, No 10cv2620 (BMC), 2010 U.S. Dist. LEXIS 88818, at *6 (E.D.N.Y. Aug. 26, 2010) (concluding that claims against newly named police officers did not relate back because *Krupski* did not "overturn[] or limit[] *Barrow* and its progeny").

Turning back to Mr. Archibald's case, because the Second Circuit has never considered the possibility of an exception to the rule set out in *Barrow* for situations like Mr. Archibald's,[2] *Byrd* is the principal case on point. *See Byrd*, 964 F. Supp. 140. In that case, the plaintiff, Mr. Byrd, filed his first amended complaint on December 15, 1993. The defendants included the Commissioner of the New York City Department of Correction and the Mayor of New York City, as well as one defendant referred to merely as "'John Doe,' a Correction Officer." *Id.* at 143. Soon thereafter, Mr. Byrd's counsel began efforts to discover the name of the John Doe

---

[2] The Second Circuit's holding that mere lack of knowledge of a defendant's identity is not a "mistake" for the purposes of Rule 15(c)(1)(C)(ii) is in line with the approach of most other federal circuit courts. However, even before *Krupski*, the Third Circuit endorsed the position that lack of knowledge of a defendant's identity – particularly in § 1983 civil cases involving alleged police misconduct – may qualify as a "mistake" under Rule 15 if the defendants "had the information as to [the John Does'] correct names but withheld that information from the plaintiff." *See Singletary v. Penn. Dep't of Corrections*, 266 F.3d 186, 202 n.5 (3d Cir. 2001); *see also Garvin*, 354 F.3d at 228 & n.18 (finding that the plaintiff had not diligently sought to determine the identities of the John Doe defendants and thus declining to "reach the question of whether [the plaintiff] ha[d] satisfied the [mistake] requirement").

defendant. However, those efforts were repeatedly stymied by defendants' counsel ("Corporation Counsel"). *See id.* The limitations period in *Byrd* expired October 4, 1994. *See id.* Ultimately, Corporation Counsel did not reveal the name of the corrections officer until January 12, 1995, well after the statute of limitations had expired. The district court explained how Mr. Byrd's circumstances were distinguishable from those presented in *Barrow*:

> The *Barrow* plaintiff disregarded an explicit direction from the court to obtain the officers' identities. He failed to make any efforts to discover their names until well after the statute of limitations had run. In contrast, Byrd made a series of efforts to obtain the identity of the individual officer without prompting, and well before the end of the limitations period. Byrd's counsel requested the officer's name in January 1994, nine months prior to the end of the limitations period. Corporation Counsel stated that the name of the officer was not yet known. Byrd's counsel then requested the prison's log books in order to determine the name of the officer on duty when Byrd was attacked. Corporation Counsel refused to make any disclosure until the trial of the individual officer was bifurcated from trial of the Supervisory Defendants. That issue was resolved by Court order on June 30, 1994, four months before the end of the limitations period. However, Corporation Counsel failed to disclose the defendant officer's identity until January 12, 1995, almost three months after the limitations period had run.

*Id.* at 145.

As the *Byrd* court noted, in *Barrow*, the Second Circuit had ruled that "the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." *Id.* (quoting *Barrow,* 66 F.3d at 470*, as modified,* 74 F.3d at 1367). But in Mr. Byrd's case, it was the defense that failed to identify the individual defendant despite Mr. Byrd's requests for that information. The court concluded that "[t]o hold that Rule 15(c) does not permit relation back in such circumstances would permit defense counsel to eliminate claims against any John Doe defendant merely by resisting discovery requests until the statute of limitations has ended." *Id.* at 146.

The Court adopts the approach taken in *Byrd* given the particular facts of this case.[3]

First, the Court finds that Officers Labbe and Spearman had sufficient notice of the lawsuit and were not prejudiced by Mr. Archibald's failure to name them in his Complaint prior to November 2010. *See* Fed. R. Civ. P. 15(c)(1)(C)(i). While any newly identified defendants must have had notice of the plaintiff's allegations against them prior to the end of the limitations period to meet the requirements of Rule 15(c), notice may be imputed to those defendants if both they and one or more of the originally named defendants "are represented by the same attorney." *See Byrd*, 964 F. Supp. at 146. "In order to impute such notice to the new defendant through his attorney, however, the plaintiff must demonstrate that the attorney knew or should have known that the additional defendant would be added to the existing suit." *Id.*

---

[3] The Court declines to resolve this issue on the basis of Connecticut law. In Connecticut, an amendment with regard to the defendants named in the complaint relates back "[i]f the amendment does not affect the identity of the party sought to be described in the complaint, but merely corrects the description of the party." *Kaye v. Manchester*, 20 Conn. App. 439, 444 (1990) (citing *Pack v. Burns*, 212 Conn. 381, 384 (1989)). "The test applied in order to determine whether an amendment is correcting a misnomer as opposed to substituting a new party or claim requires consideration of the following: (1) whether the defendant had notice of institution of the action; (2) whether the defendant knew he was a proper party; and (3) whether the defendant was prejudiced or misled in any way." *Id.* (citing *Pack*, 212 Conn. at 385). "Several [Connecticut] superior courts have held that the substitution of a named defendant for a John Doe defendant is not a mere correction . . . but rather brings in a new separate party." *Barragan v. Norwalk Transit Dist.*, No. CV980358826l, 2004 Conn. Super. LEXIS 61, at *13 n.1 (Conn. Super. Ct. Jan. 7, 2004) (listing cases). However, other superior court decisions suggest that this is not a categorical rule, and that the test described in *Kaye*, 20 Conn. App. at 44, may in some cases allow for relation back. *See id.* at *14-*15; *Longhenry v. City of Groton*, No. 539211, 1998 Conn. Super. LEXIS 3589, at *12, *13 n.8 (Conn. Super. Ct. Dec. 14, 1998). To the extent that Connecticut law allows for relation back when an amendment replaces a John Doe with a named defendant, the Court recognizes that state law could provide an alternate basis for denying the Motion to Dismiss. *See* Fed. R. Civ. P. 15(c)(1), Notes of Advisory Committee on 1991 Amendments ("Whatever maybe the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim."); *see, e.g.*, *Pape v. Bd. of Educ. of the Wappingers Cent. Sch. Dist.*, No. 07cv8828 (KMK), 2009 U.S. Dist. LEXIS 91738, at *41 (S.D.N.Y. Sept. 28, 2009) ("Under federal law, 'if . . . the court borrows a state statute of limitations, relation back is to be determined by whichever procedural rule gives the most favorable result to the plaintiff.'" (citation omitted)).

In this case, Attorney Ricketts, who represents Officers Labbe and Spearman, also represents Detectives Fargnoli and Watson, and the Court finds that he knew or should have known that Officers Labbe and Spearman would be added to the suit. The original Complaint contained considerable detail regarding the roles of John Doe 1 and Jane Doe 1 and Mr. Archibald's interaction with those officers as well as with the other unidentified officers. *See* Compl. [doc. # 1] ¶¶ 16-21; 24-29. Thus, as in *Byrd*, defense counsel knew of the roles of the "Doe" defendants, and knew that the officers who were on duty at the times and places identified in the Complaint would be named as defendants in the suit. *See id.* at 146. Indeed, Officers Labbe's and Spearman's identities were "uniquely accessible to [Defendants' counsel]," who could have (and should have) consulted police department records and interviewed officers and other police department employees. *Byrd*, 964 F. Supp. at 146-47. "Whether or not counsel knew [Officers Labbe's and Spearman's] names within the 120 days after the [C]omplaint was filed, counsel was aware that it would have to obtain that information." *Id.*; *see also Samuels v. Dalsheim*, No. 81cv7050 (PKL), 1995 U.S. Dist. LEXIS 22044, at *47 (S.D.N.Y. Aug. 22, 1995) ("It is sufficient for the purpose of constructive notice that . . . defendants' counsel knew or should have known that a particular category of defendants would be added to the action, without necessarily knowing the actual identity of each defendant to be added." (citations omitted)).

Because Mr. Archibald has adequately demonstrated that Attorney Ricketts knew or should have known that Officers Labbe and Spearman were two of the "Does" described in the Complaint, notice of the suit can be imputed to Officers Labbe and Spearman through their attorney. *See Byrd*, 964 F. Supp. at 147; *Almeda v. City of New York*, No. 00cv1407, 2001 U.S. Dist. LEXIS 10605, 2001 WL 868286, at *3 (E.D.N.Y. July 26, 2001). The Court also finds that Attorney Feola-Guerrieri knew or should have known that Officers Labbe and Spearman would

be added to the suit. As Attorney Feola-Guerrieri is employed by the Office of the Corporation Counsel for the City of Hartford, her knowledge, too, allows the Court to impute notice to Officers Labbe and Spearman. *See, e.g.*, *Hood v. City of New York*, 739 F. Supp. 196, 198-99 (S.D.N.Y. 1990) (imputing notice to city employees where Corporation Counsel should have known that omission of employees from original complaint was due to plaintiff's mistake, and Corporation Counsel had discretion to represent employees in cases involving their job-related actions).

Mr. Archibald's detailed allegations provided constructive notice of the counts against Officers Labbe and Spearman to those two Defendants through their attorney and the Corporation Counsel within 120 days of the Court's receipt of the initial complaint and long before the expiration of the statute of limitations.[4] In addition, the Court notes that Officers Labbe and Spearman were noticed for deposition on September 16, 2010, which, in combination with the information already available to their counsel, should have given them actual notice of the Complaint weeks before the end of the limitations period. Moreover, defense counsel has not indicated any prejudice that would accrue to Officers Labbe and Spearman as a result of the amendment to the Complaint. *See, e.g.*, *Berry v. Vill. of Millbrook*, Case No. 09cv4234 (KMK) 2010 U.S. Dist. LEXIS 103239, at *21-*22 (S.D.N.Y. Sept. 29, 2010) (explaining that a newly named defendant "was not prejudiced because his attorney was or should have been aware, within the Rule 4(m) limitations period, that he would be named as a [d]efendant"); *Velez v. Fogarty*, No. 06cv13186 (LAK) (HBP), 2008 U.S. Dist. LEXIS 96999, 2008 WL 5062601, at *5

---

[4] In *Barrow*, by contrast, the plaintiff "had made no showing that the six individual defendants had even constructive knowledge of the claims against them within 120 days of the court's receipt of the initial complaint." *Barrow*, 66 F. 3d at 467. In that case, moreover, the initial complaint was filed less than a month before the expiration of the three-year statute of limitations. *See id.*

(S.D.N.Y. Nov. 20, 2008) ("The constructive notice doctrine is based on the theory that the newly added defendant is not prejudiced by the lack of notice if his attorney has already begun preparing a defense for the named defendant[s] during the limitations period."). Defense counsel has had every opportunity to prepare a vigorous defense. *See Byrd*, 964 F. Supp. at 147. Officers Labbe and Spearman "will not be prejudiced in defending [the action] on the merits." Fed. R. Civ. P. 15(c)(1)(C)(i). Indeed, defense counsel has not argued – either in his brief or during oral argument – that Officers Labbe and Spearman lacked constructive notice of the action or that they would be prejudiced in defending the case on the merits.

Second, Officers Labbe and Spearman could not have reasonably believed that the omission of their names from the original Complaint "was the result of a conscious choice." *Abdell v. City of New York*, No 05cv8453 (RJS) (JCF), 2010 U.S. Dist. LEXIS 137585, at *22 (S.D.N.Y. Dec. 22, 2010). As the Supreme Court has made clear, "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing [his] original complaint." *Krupski*, 130 S. Ct. at 2493 (emphasis in original). Rule 15(c)(1)(C)(ii) essentially requires that a newly added defendant must not have had reason to believe that the failure to add his name during the limitations period resulted from an intentional decision not to sue him. *See, e.g.*, *Abdell*, 2010 U.S. Dist. LEXIS 137585, at *17-*18. In this case, Officers Labbe and Spearman knew or should have known through their counsel that they would have been named as Defendants before the limitations period ended, but for Mr. Archibald's inability to obtain that information from defense counsel itself. *See* Fed. R. Civ. P. 15(c)(1)(C)(ii); *Byrd*, 964 F. Supp. at 147.

Third, like the plaintiff in *Byrd* and unlike the plaintiff in *Barrow*, Mr. Archibald "made a series of [timely] efforts to obtain the identit[ies] of the individual officer[s] without prompting"

from the Court, but was stymied by defense counsel. *Id.* at 145. Well before the end of the three-year limitations period, Mr. Archibald's counsel made numerous attempts to learn the names of the officers who interacted with Mr. Archibald – including through initial disclosures, document requests, interrogatories, and Rule 30(b)(6) depositions. Discovery in this case commenced more than six months before the expiration of the limitations period. Mr. Archibald timely served his initial interrogatories and requests for production on the original named Defendants, and his counsel followed up on those requests when Defendants' counsel submitted responses that were unsatisfactory, ultimately filing a second set of interrogatories and requests for production in July 2010 – still over two months before the close of the limitations period. *See* Savva Aff. in Opp'n to Mot. to Dismiss [doc. # 63] ¶¶ 17-19.

Each of those efforts to discover the identities of the officers who interacted with Mr. Archibald was either completely rebuffed or substantially delayed by defense counsel. Plaintiff's counsel has affirmed that "[o]n multiple occasions, Plaintiff requested that the Defendants supplement their responses to provide the information, [but] they refused." Savva Aff. in Supp. of Mot. to Amend [doc. # 39-2] ¶ 15. Plaintiff's counsel also has affirmed that it was impossible for Mr. Archibald to unilaterally acquire the necessary information without actually speaking to witnesses and conducting depositions. *Id.* ¶ 16. The Court agrees with the *Byrd* court that under these circumstances, a plaintiff should not be barred from naming a new defendant on the basis that the statute of limitations has already run, since to hold otherwise would allow defense counsel "to eliminate claims against any John Doe defendant merely by resisting discovery requests until the statute of limitations has ended." *Byrd*, 964 F. Supp. at 146.

Finally, while the Court certainly reserves its right not to apply the exception recognized in *Byrd* to other factual circumstances, it seems to the Court indisputable that when a plaintiff

asks repeatedly during discovery for the names of the officers who engaged him, the City's police department has an obligation to conduct research and to disclose the identities of those officers. As Rule 26(g)(1) of the *Federal Rules of Civil Procedure* states: Counsel's signature on a discovery request discloses that the information is "complete and correct as of the time it is made," "consistent with the rules," and "not interposed for any improper purpose, such as . . . caus[ing] unnecessary delay." Fed. R. Civ. Proc. 26(g)(1). "Discovery is not supposed to be a shell game, where the hidden ball is moved round and round and only revealed after so many false guesses are made and so much money is squandered." *Lee v. Max International, LLC*, No. 10-4129, --- F.3d ---- (10th Cir. 2011). Defense counsel is not entitled to transform discovery of the names of police officers who engaged the Plaintiff into a game of hide-and-seek. Regrettably, that is what it became in this case – and needlessly so.

While the Court believes that it would be inequitable and inconsistent with the purposes of Rule 15 and Rule 26 to punish Mr. Archibald for the Defendants' obstruction of his counsel's diligent efforts to determine the identities of the "Doe" officers, the Court notes that Plaintiff's counsel could have acted more conscientiously with regard to the statute of limitations. As the close of the limitations period approached and Defendants' counsel remained unresponsive to Mr. Archibald's discovery requests, Mr. Archibald's counsel should have communicated with the Court and highlighted the impending statutory deadline. Had Mr. Archibald's counsel sought the Court's assistance in learning the names of the police officers, the Court's help would have been forthcoming.

## IV.

For the foregoing reasons, Officers Labbe's and Spearman's Motion to Dismiss [doc. # 50] is DENIED.

IT IS SO ORDERED,


/s/                   _____Mark R. Kravitz_____
                                    United States District Judge


Dated at New Haven, Connecticut:  **May 9, 2011.**