# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

FRED L. ARCHIBALD,        :
       :
           Plaintiff,        :
       :
v.        :        No. 3:09cv1558 (MRK)
       :
CITY OF HARTFORD; DARYL K.        :
ROBERTS; GEORGE WATSON;        :
JOSEPH FARGNOLI; KEN LABBE;        :
KAREN SPEARMAN; JOHN DOE 2;        :
JOHN DOE 3,        :
       :
           Defendants.        :

## RULING AND ORDER

Defendants Ken Labbe and Karen Spearman (together, "the Moving Defendants") have filed a Motion for Reconsideration [doc. # 71], pursuant to Local Rule 7(c), of the Court's Memorandum of Decision denying the Moving Defendants' Motion to Dismiss [doc. # 50]. For the reasons that follow, the Court DENIES the Motion for Reconsideration.

### I.

The standard for granting a motion for reconsideration is strict. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). Such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* A "motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." *Horsehead Res. Dev. Co., Inc. v. B. U.S. Envtl. Servs., Inc.*, 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (citations and quotation marks omitted). Furthermore, a "motion to reconsider should not be granted where the moving party seeks solely

to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4478, at 790 (1981)).

## II.

In their Motion for Reconsideration, the Moving Defendants point to no new controlling decisions or evidence. Indeed, the Moving Defendants' motion simply lists ten brief claims or arguments that they could have made – and in some cases did make – in support of their Motion to Dismiss. *See* Mot. for Reconsideration [doc. # 71] at 2-3. With those arguments, the Moving Defendants merely seek to "relitigate . . . issue[s] already decided." *Shrader*, 70 F.3d at 257.

No memorandum of law accompanied the Motion for Reconsideration, which was filed on May 23, 2011 – exactly fourteen days after the Court issued its Memorandum of Decision denying the Moving Defendants' Motion to Dismiss. Local Rule 7(c)(1) states that any motion for reconsideration "shall be filed and served within fourteen (14) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." D. Conn. Local R. Civ. P. 7(c)(1). In his initial Objection to the Moving Defendants' Motion for Reconsideration [doc. # 72], filed on May 24, 2011, Plaintiff Fred Archibald argued that the Motion for Reconsideration should be rejected because it was not accompanied by such a memorandum of law, and because any such memorandum of law subsequently filed by the Moving Defendants would be untimely. *See* Pl.'s Objection to Defs.' Mot. for Reconsideration [doc. # 72] ¶ 2.

The Moving Defendants have not responded to that particular argument. However, on June 1, 2011, they did file a memorandum in support of the Motion for Reconsideration, which was styled as a "Response to Plaintiff's Objection to [the] Motion for Reconsideration." *See* Resp. to Pl.'s Objection to Spearman-Labbe's Mot. for Reconsideration [doc. # 80]. The Court had initially ordered the Moving Defendants to respond to Mr. Archibald's Objection no later than May 27, 2011, and then granted them an extension of time to May 31, 2011. In a Second Objection to the Motion for Reconsideration, Mr. Archibald reasserts his argument that the Moving Defendants' motion did not comply with Local Rule 7(c)(1), and points out that their Response to his first Objection was filed after the deadline set by the Court. Mr. Archibald notes that the Moving Defendants' own "prayer for relief is premised upon strict compliance with statutory deadlines," and suggests that the Moving Defendants' failure to comply with the Local Rules and the deadlines set by the Court is "somewhat ironic." *See* Pl.'s Second Objection to Defs.' Mot. for Reconsideration [doc. # 82] ¶ 13.

While the Court agrees that there is some irony in the Moving Defendants' failure to timely file their memorandum in support of the Motion for Reconsideration, and that the issues raised in that memorandum could have and should have been raised earlier, the Moving Defendants' tardiness was not egregious, and the Court will construe their late filing to include a motion for a one-day extension of time to respond to Mr. Archibald's Objection. The Court grants that motion for extension of time. Like the Motion for Reconsideration itself, the Moving Defendants' Response to Mr. Archibald's Objection attempts to re-argue issues the Court has already decided, and identifies no new evidence or intervening changes in the law that could reasonably be expected to alter the Court's conclusions. For the sake of thoroughness, though, the Court will address the one new factual point made in the Moving Defendants' brief.

## III.

Toward the end of their belatedly filed memorandum in support of their Motion for Reconsideration, the Moving Defendants suggest that the constructive notice doctrine applied by the Court in its Memorandum of Decision is inapplicable in this case because "[Attorney] Ricketts did not represent the additional defendants in any capacity before he was employed to represent them on December 27, 2010." Resp. to Pl.'s Objection to Spearman-Labbe's Mot. for Reconsideration [doc. # 80] at 7. Even if it is true that Attorney Ricketts was not formally retained as counsel for Officer Labbe and Officer Spearman in this matter until after the statute of limitations had run, that fact does not affect the Court's conclusion in its Memorandum of Decision.

The Court's finding that the Moving Defendants had constructive notice of the action was based not only on the fact that two of the original named Defendants were represented by Attorney Ricketts, but also on the fact that that the other two original named Defendants were represented by Attorney Feola-Guerrieri of the Office of the Corporation Counsel for the City of Hartford. As the Court noted in its Memorandum of Decision, where Corporation Counsel for the City has discretion to represent individual police officers, Counsel's knowledge of claims against those officers can be imputed to the officers. *See* Mem. of Decision [doc. # 70] at 18 (citing *Hood v. City of New York*, 739 F. Supp. 196, 198-99 (S.D.N.Y. 1990)). The City of Hartford's Office of the Corporation Counsel, and specifically Attorney Feola-Guerrieri, does represent individual police officers in some cases. *See, e.g.*, *Allen v. Roberts*, No. 3:09cv286 (AVC) (D. Conn. filed Feb. 17, 2009); *Martinez v. City of Hartford*, No. 3:07cv1778 (AWT) (D. Conn. filed Dec. 3, 2007); *Morrell v. Attorney General*, No. 3:06cv619 (RNC) (D. Conn. filed Apr. 21, 2006).

In cases in which the City of Hartford and/or the Chief of Police are sued along with individual police officers, the Office of the Corporation Counsel often files appearances only on behalf of the City and the Chief, with outside counsel appearing on behalf of the individual officers. *See, e.g.*, *Bisson v. Hartford*, No. 3:10cv1341 (JBA) (D. Conn. filed Aug. 24, 2010); *Richardson v. Orlowski*, No. 3:08cv1856 (MRK) (D. Conn. filed Dec. 8, 2008); *Samuel v. Hartford*, No. 3:10cv635 (CFD) (D. Conn. filed  Apr. 26, 2010); *Bader v. Hartford*, 3:10cv1155 (CSH) (D. Conn. filed July 26, 2010); *Parrott v. Hartford*, No. 3:10cv1465 (JCH) (D. Conn. filed Sept. 15, 2010); *Rogoz v. Hartford*, No. 3:11cv500 (VLB) (D. Conn. filed Mar. 31, 2011); *Rivera v. Hartford*, No. 3:10cv26 (CFD) (D. Conn. filed Jan. 8, 2010); *Fulk v. City of Hartford*, No. 3:09cv452 (JBA) (D. Conn. filed Mar. 20, 2009). In each of the cases just cited, the individual police officers not represented by Attorney Feola-Guerrieri or another attorney from the Office of the Corporation Counsel *shared* the same outside counsel. Indeed, the Court notes that in a suit against the City of Hartford, Chief Roberts, and Hartford police officers that concluded just months before Mr. Archibald filed his complaint, Officer Labbe was represented by, among others, Attorney Ricketts. *See Brown v. Hartford*, No. 3:08cv1416 (AVC) (D. Conn. filed Sept. 17, 2008). As in Mr. Archibald's case, Attorney Feola-Guerrieri of the Office of the Corporation Counsel represented the City and Chief Roberts, and Attorney Ricketts represented the other named defendants. *See id.*

The Moving Defendants now seem to suggest that the City should be able to successfully evade claims against officers whom a plaintiff has been unable to identify within the statute of limitations because of the uncooperativeness of the City's own counsel simply by having outside counsel, rather than Corporation Counsel, represent the individual police officer defendants in the case. The Court finds that reasoning perverse, and incompatible with the constructive notice

doctrine as it has been applied by district courts in the Second Circuit. *See, e.g.*, *Velez v. Koehler*, No. 87 Civ. 2019 (KMW), 1991 U.S. Dist. LEXIS 9295, *4-*5 (S.D.N.Y. July 8, 1991) (rejecting a newly named defendant's contention that "because the obligation of the Corporation Counsel's Office to represent [him] [was] not absolute," the constructive notice doctrine did not apply); *Hodge v. Ruperto*, 739 F. Supp. 873, 881 (S.D.N.Y. 1990) (concluding that newly named defendants had constructive notice of the action because "Corporation Counsel should have known that the additional defendants would be added to the lawsuit"). As the Court explained in its Memorandum of Decision, Mr. Archibald's original complaint contained considerable detail regarding the roles of "John Doe 1" and "Jane Doe 1" and Mr. Archibald's interaction with those officers as well as with the other unidentified officers, *see* Mem. of Decision [doc. # 70] at 17, and both Attorney Feola-Guerrieri and Attorney Ricketts "knew or should have known that the additional defendant[s] would be added to the existing suit." *Byrd v. Abate*, 964 F. Supp. 140, 146 (S.D.N.Y. 1997).

## IV.

In sum, the Moving Defendants have identified no new facts or controlling law that would affect the Court's conclusions in its earlier Memorandum of Decision [doc. # 70]. For that reason, the Moving Defendants' Motion for Reconsideration [doc. # 72] is **DENIED**.


IT IS SO ORDERED,


/s/      Mark R. Kravitz
United States District Judge


Dated at New Haven, Connecticut:  **June 10, 2011.**